## Eunice E. Dupuie et al.
### v.
## James McCausland, use, etc.

1. Suit on appeal bond—Declaration—Variance.—In a suit upon an appeal bond, the plaintiff is bound to show a breach, and in describing the judgment appealed from he is bound to set it out with such reasonable accuracy as to identify and distinguish it from others. An allegation of a judgment against two, does not so describe, and is not supported by proof of a judgment against one only.

2. Allegation of breach—Evidence in support of.—The bond sued on was conditioned " to pay all rents becoming due from the commencement of the suit," etc., and plaintiff averred that rent was due to the amount of $225. In support of this, plaintiff testified that the original lease was destroyed in the great fire, and produced a paper which he testified was " a substantial copy " of the original lease; and that he was positive it was correct as to the parties and the rent. Held, it was not sufficiently shown to be a copy; the proof upon that point was too uncertain, and involved matter of opinion as to what was of the substance of the lease.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Mr. Rufus King and Mr. A. C. Story, for appellants; contending that there was a variance between the allegation and proof, and that the Court admitted improper evidence, cited Rastall v. Stratton, 1 H. Bl. 49; Woodford v. Ashley, 11 East, 508; Baynes v. Forrest, 2 Strange, 822; United States v. McNeal, 1 Gall. 387; Whitaker v. Bramson, 2 Paine, 209; Giles v. Shaw, Breese 91; Pitkin v. Yaw, 13 Ill. 251; Boynton v. Robb, 41 Ill. 349; Spangler v. Pugh, 21 Ill. 85; Ducommun v. Hysinger, 14 Ill. 249; Wickenkamp v. Wickenkamp, 77 Ill. 96.

That the damages, if any, for a breach, were unliquidated, and interest is not allowable: Bouv. Law Dic. 626; Sedgwick on Damages 430; Rev. Stat. Chap 74; Buckmaster v. Grundy, 3 Gilm. 626; Dowling v. Stewart, 3 Scam. 195; March v. Wright, 14 Ill. 248; Ill. Cent. R. R. Co. v. Cobb, 75 Ill. 148.

That the Court erred in admitting secondary evidence of the

lease:  2 Phillips on Ev.  568; 1 Greenl. on Ev. § 508; 1 Starkie on Ev. 229; Kerns v. Swope, 2 Watts, 75; King v. Worthington, 73 Ill. 161.

Upon the question of the measure of damages in the suit: Kennicott v. Sherwood, 22 Ill. 190; Otto v. Jackson, 35 Ill. 349; Prickett v. Ritter, 16 Ill. 96; Hogsett v. Ellis, 17 Mich. 352; Green v. Williams, 45 Ill. 206; Cilley v. Hawkins, 48 Ill. 311; Clapp v. Noble, 9 Chicago Legal News, 168.

That the Court erred in giving an instruction which took from the jury the consideration of a material fact:  Yundt v. Hartrunft, 41 Ill. 9; Hassett v. Johnson, 48 Ill. 68; Farman v. Childs, 66 Ill. 544.

The Practice Act enumerates the papers that may be taken by the jury, and an enumeration of these is an exclusion of all others:  Broom's Legal Max. 651, Co. Litt. 2100; Smith v. Wise, 58 Ill. 141; Cox v. Straisser, 62 Ill. 383; Hatfield v. Cheany, 76 Ill. 488; Dempsey v. The People, 47 Ill. 323; Yoe v. The People, 49 Ill. 410; Sprauge v. Craig, 51 Ill. 288; Page v. Wheeler, 5 N. H. 91; Willis v. Forest, 2 Duer, 310.

Messrs. Barker, Buell & Barker, for appellee; argued that the variance was immaterial, and that the objection should have been made in the court below, and came too late in this court, and cited the Chicago & Alton R. R. Co. v. Morgan, 69 Ill. 492; Wilson v. King, 83 Ill. 232; Reinback v. Crabtree, 77 Ill. 182; Frazer v. Smith, 60 Ill. 145; McCarthy et al. v. Chicago, 53 Ill. 38.

As to sufficiency of the evidence offered:  1 Greenl. Ev. §.84; Starkie on Ev. 497; Lombard v. Johnson, 76 Ill. 599.

As to the measure of damages, and right to recover interest: Rev. Stat. Chap. 77, § 2; Magner v. Knowles, 67 Ill. 325; Clapp v. Noble, 9 Chicago Legal News, 168.

Pleasants, J.   This was an action of debt upon three appeal bonds, executed by Emma E. Dupuie as principal, and Isaac Coals as surety.  The first recites that appellee recovered a judgment before a justice of the peace against said Dupuie and one Adolphus Duby, from which she appealed; and contains

the usual condition that she will prosecute it with effect and pay whatever judgment the Court shall render upon the dismissal or trial thereof. The declaration avers that upon the trial of said appeal the Circuit Court rendered judgment in favor of the plaintiff, against said Dupuie and Durby, and assigns for breach that defendants have not paid said judgment.

To prove this breach plaintiff offered in evidence the record of a decree of the Circuit Court restoring a destroyed record of said court which showed a judgment against said Depuie, impleaded with Adolphus Duby—which was admitted against objection by defendants. We are of opinion that this was error. In McCarthy v. The City of Chicago, 53 Ill. 43, which was a suit upon a bond to indemnify the city, among other things, against judgments for certain specified causes, objection was made to the introduction of the record offered, for variance—that the judgment thereby shown did not appear to be the same as that described in the declaration. But the description was true so far as it went, and the Court held that it went far enough; that while the same strictness was not required in setting out a breach as in describing an instrument which was the foundation of the action, it must be reasonably specific, so as to apprise the party of what was intended to be charged; and said: "In declaring on this bond, appellee was bound to show a breach; and in doing so was compelled to describe the judgment with such reasonable accuracy as to identify and distinguish it from others. That has been done in this case, as it designated the parties, the court, the date and amount."

In Boynton v. Robb, 41 Ills. 349, which was debt upon a bond, given on suing out an injunction to restrain the collection of a judgment, in which the judgment was described in the declaration as for $259.75, and the record offered showed one for $249.75, the court recognized the rule laid down in 1 Chitty on Pl. 295, that every allegation, even in an indictment, which is "material and not impertinent and foreign to the cause, and which cannot be rejected as surplusage must be proved as alleged," and held the variance fatal.

Dupuie et al. v. McCausland.

The 21st Sec. of the Practice Act requires that in suits upon penal bonds, the conditions shall be set out and breach assigned; and further, that they shall be proved, although no plea be interposed, before the plaintiff can recover, as he did in this case, more than nominal damages. The judgment then, although not the foundation of the action, was an essential part of his case, because necessary to an assignment of the breach. It was incumbent on him, therefore, to describe it with such accuracy as to identify and distinguish it from others. We hold that the allegation of a judgment against two, does not so describe, and is not supported by proof of a judgment against only one; and we see no way to overcome this difficulty but to amend the restoring decree or correct the bond.

The other bonds counted upon, recite a judgment in forcible detainer, and contain the further condition that appellant shall pay all rents becoming due from the commencement of the suit until the final determination thereof. The declaration averred that rent to the amount of $225, had so become due, and assigned for breach that defendants had not paid the same nor any part thereof.

The only evidence relied on to show the amount or any particular amount of rent accrued, was the lease. To prove this the plaintiff himself was called as a witness, and testified that the original was destroyed in the great fire—that the paper which he produced was a substantial copy—" that it was made by his attorney at his direction, and that he was positive it was correct as to the parties and the rent," and thereupon the paper was offered in evidence, and, notwithstanding objection by defendants, admitted by the Court and read to the jury. This, also, we think, was error. It was an attempt to prove the contents of a lost paper by copy, but the paper produced was not properly or sufficiently shown to be a copy. The proof upon that point was too uncertain, and involved matter of opinion as to what was of the substance of the lease, which the witness was not competent to state.

For these errors, the judgment is reversed and the cause remanded.

Reversed and remanded.